IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| KAREN TUCKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 21-15357 (RBK/SAK) |
| v. | : | |
| | : | |
| MARC SIMON, *et al.*, | : | **OPINION** |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon *pro se* Plaintiff Karen Tucker's ("Plaintiff" or "Ms. Tucker") motion filed on April 26, 2022 (ECF No. 6, "the Motion"). The Motion bears a lengthy and unintelligible title, apparently styling itself as either a motion for leave to file an amended complaint and/or a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Because the Motion contains a complaint bearing significant changes from the most recent version of the complaint filed by Plaintiff (ECF No. 4), we treat the Motion as a motion for leave to file an amended complaint.

In an Order dated November 30, 2021, the Court granted Plaintiff's application to proceed *in forma pauperis*, but also dismissed Plaintiff's complaint without prejudice after finding insufficient factual allegations to support the Court's subject matter jurisdiction. (ECF No. 3). Plaintiff timely filed a Motion for Leave to Amend (ECF No. 4), which the Court denied because the proposed amendments did not cure the deficiencies of the original complaint. (ECF No. 5). Plaintiff then filed the instant Motion. Because the Court finds the jurisdictional deficiencies of the original complaint are cured by the proposed amended complaint, the Court

1

**GRANTS** Plaintiff's Motion for leave to file an amended complaint. The Court has also screened the amended complaint to determine whether dismissal is warranted as required by 28 U.S.C. § 1915(e)(2). For the reasons explained herein, the Court **DISMISSES** the Complaint in part. The remainder of Plaintiff's complaint should proceed past the *sua sponte* screening stage.

I. BACKGROUND

The amended complaint is difficult to parse. The following summary reflects the Court's understanding of Ms. Tucker's allegations. The complaint arises from Ms. Tucker's former attorney's representation of her in a suit brought by Ms. Tucker following a car accident. On November 28, 2016, Ms. Tucker was driving her car in Voorhees Township, New Jersey, when an individual named Opal Stockwell crashed his vehicle into Ms. Tucker's car. The collision caused Ms. Tucker serious and permanent injuries, as supported by a certificate of permanency filed on the record. Ms. Tucker obtained the counsel of Marc Simon, one of the defendants in the instant action ("Mr. Simon"). Mr. Simon filed a complaint against Stockwell on behalf of Ms. Tucker in New Jersey Superior Court on April 12, 2017. As required under New Jersey law, mandatory non-binding arbitration occurred on March 26, 2019. On that same date, the arbitrators issued an award finding Stockwell wholly liable for the collision. However, due to a finding that Ms. Tucker failed to satisfy the verbal tort threshold for recovery, the arbitrators issued a no cause for action determination.

On March 28, 2019, Mr. Simon sent Ms. Tucker a contract termination letter, which informed her that he would not appeal the arbitration award and that he was longer representing her. The letter further informed Plaintiff that she "should see new counsel or file an appeal on her own within 30 days" of the March 26 arbitration award. Ms. Tucker filed a request for a trial de novo on April 26, 2019. However, the Superior Court rejected the request because the record

showed that Ms. Tucker was still represented by Mr. Simon. Mr. Simon filed a motion to withdraw as counsel on May 6, 2019. After sending Ms. Tucker a termination letter and submitting his motion to withdraw, Mr. Simon appeared in court on her behalf on May 24, 2019. Ms. Tucker alleges Mr. Simon made misrepresentations to the court at that appearance by stating that he still represented Ms. Tucker, that Ms. Tucker did not want a trial de novo, and that Ms. Tucker consented to the confirmation of the arbitration award. On June 17, 2019, the Superior Court confirmed the arbitration award.

In her amended complaint, Ms. Tucker brings various federal and state causes of action based on these allegations. The federal claims, as listed on the cover sheet, are due process, Seventh Amendment, and Fourteenth Amendment claims under 42 U.S.C. § 1983. The state law claims, as listed on the cover sheet, are breach of contract, breach of fiduciary duty, breach of duty of care, breach of duty of loyalty, fraud on the court, legal malpractice, negligence and perjury.

## II.    LEGAL STANDARDS

### a. Subject Matter Jurisdiction

The alleged basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 because Defendants are citizens of Pennsylvania and Plaintiff is a citizen of New Jersey, and Plaintiff seeks damages of $3.1 million.[1] Plaintiff bears the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement of more than

---

[1] Plaintiff also alleges federal question jurisdiction under 28 U.S.C. § 1331 for violations of 42 U.S.C. § 1983, the Seventh Amendment, and the Fourteenth Amendment. Federal question jurisdiction does not furnish a basis for subject matter jurisdiction in this matter because none of the Defendants are alleged to have been acting under color of state law as required to state a claim under 42 U.S.C. § 1983. *Reichley v. Pa. Dep't of Agric.*, 427 F.3d 236, 244 (3d Cir. 2005) (*citing West v. Atkins*, 487 U.S. 42, 48 (1988)).

$75,000 has been satisfied. 28 U.S.C. § 1332; *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). "In assessing whether the amended complaint sufficiently alleged jurisdiction, we may also consider 'documents referenced therein and attached thereto.'" *Auto-Owners Ins. Co.*, 835 F.3d at 396 n.9 (*citing Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

   b. **Sufficiency of Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), we must screen a pro se plaintiff's complaint and *sua sponte* dismiss the action if the Court finds that it is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the Plaintiff. *See Erickson v. Pardus,* 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8 outlines the requirements for proper pleading. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), in order to "to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319 (2007) (citing *Dura Pharm. v. Broudo,* 544 U.S. 336, 346 (2005)). Although a plaintiff need not include detailed factual allegations in her complaint, a plaintiff's complaint must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotations omitted). The complaint must include enough factual allegations to "raise a right to relief above the speculative level." *Id.*

   III.   **ANALYSIS**

The Court is satisfied that it has subject matter jurisdiction under 29 U.S.C. § 1332. Diversity of citizenship is present, as Plaintiff is a citizen of New Jersey and the Defendants are alleged to be citizens of Pennsylvania. Furthermore, Plaintiff's amended complaint cures the deficiencies the Court found in the original complaint, which lacked factual allegations sufficient to meet the amount-in-controversy requirement. The amended complaint alleges that Plaintiff's damages in the underlying litigation were at least $2 million, an allegation supported by reference to an Economic & Earning Capacity Expert Witness Report prepared by Paul Sweeny, CPA MST. That Report was filed as an exhibit to the complaint in the underlying litigation. Therefore, the amount in controversy exceeds the $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332.

The Court finds that portions of the amended complaint do not meet the Rule 8 pleading requirement. First, perjury is not a civil cause of action; it is a criminal charge. Therefore, Plaintiff's cause of action for perjury will be dismissed. Plaintiff's federal claims are also fatally deficient. The amended complaint alleges civil rights causes of action under 42 U.S.C. § 1983, the Seventh Amendment, and the Fourteenth Amendment. However, none of the Defendants are alleged to have been acting under color of state law as required to state a claim under 42 U.S.C. § 1983. *Reichley v. Pa. Dep't of Agric.*, 427 F.3d 236, 244 (3d Cir. 2005) (*citing West v. Atkins*, 487 U.S. 42, 48 (1988)). Therefore, the Court will dismiss Plaintiff's federal claims.

The amended complaint's remaining state law claims satisfy the Rule 8 pleading standard. Ms. Tucker's allegations are sufficient to state a claim that, but for Mr. Simon's conduct, Ms. Tucker would have received a trial de novo and could have recovered damages from Stockwell. She sufficiently alleges that Mr. Simon breached duties owed to her in the scope of his representation of her, namely by failing to withdraw formally as her counsel before

terminating his contract with her; failing to seek trial de novo, which his client desired; and making misrepresentations to the New Jersey Superior Court that may have affected the outcome of Plaintiff's case. The remaining state law claims are therefore supported by factual allegations that are sufficiently specific to give notice to the Defendants as to the claims against them and sufficiently plausible to raise Plaintiff's right to relief beyond a speculative level.

IV.     CONCLUSION

For the reasons expressed, Plaintiff's Motion for leave to amend the complaint is **GRANTED**. Plaintiff's amended complaint is **DISMISSED** in part, such that only Plaintiff's claims for breach of contract, breach of fiduciary duty, breach of duty of care, breach of duty of loyalty, fraud on the court, legal malpractice, and negligence may proceed. An Order follows.

Dated: 10/11/2022                                                          /s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge