IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KAREN TUCKER, | |
| Plaintiff, | |
| v. | Civil No. 21-cv-15357 (RBK/SAK) |
| MARC I. SIMON, *et al.*, | **OPINION** |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Motion to Dismiss Plaintiff's Complaint (ECF Nos. 16) brought by Defendants Simon & Simon, P.C., Marc I. Simon, Zack Wildsmith, Eric Neiman, Christopher Green, and Daniel Ward (collectively, "Defendants" or "Simon & Simon"). Defendants also moved to strike Plaintiff's response to Defendants' letter of April 5, 2023, which Defendants contend constitutes an improper sur-reply. (ECF No. 24). For the reasons expressed below, the Defendants' motions are **GRANTED.**

### I. BACKGROUND

We summarized in detail *pro se* Plaintiff Karen Tucker's amended Complaint in our previous decision entered on October 11, 2022. (ECF No. 7). Rather than rehash the entirety of the Complaint, we will summarize only the most pertinent facts here. Plaintiff retained Simon & Simon to represent her in a personal injury litigation in New Jersey Superior Court relating to an auto accident that occurred in 2016. The dispute was submitted to mandatory arbitration on March

26, 2019, and on that date the arbitrators issued an award finding that Plaintiff was not entitled to recover for her injuries.

On March 28, 2019, Simon & Simon sent Plaintiff a letter, which Plaintiff describes in her Complaint and elsewhere as a "contract termination letter." (*See, e.g.*, ECF No. 6 ("Compl.") at 5, ¶ 11). According to the Complaint, the letter "says Defendant(s) no longer represent Karen Tucker[.]" (*Id.*). The Complaint alleges that, despite informing Plaintiff in the "contract termination letter" that Defendants no longer represented her, Defendants failed to formally withdraw as her counsel of record. (*Id.*). Plaintiff filed a *pro se* motion for a trial de novo on April 26, 2019, but the court rejected the motion because the record showed that Plaintiff was still represented by Simon & Simon. (*Id.*). On May 24, 2019, Defendants appeared in court on Plaintiff's behalf as her counsel of record and represented to the court that Plaintiff did not intend to appeal the arbitration award. (*Id.* at 8, ¶ 27). The Superior Court judge issued an order confirming the arbitration award. (*Id.* at 12, ¶ 9). Plaintiff alleges that Defendants "made a unilateral decision . . . not [to] file an appeal or continue to represent Plaintiff." (*Id.* at 6, ¶ 14). Plaintiff argues that the fact that Defendants "did not file a motion to withdraw from counsel until 12 days . . . after the . . . Trial de Novo deadline expired shows intentional willful misconduct and/or legal malpractice." (*Id.* at 6, ¶ 16).

Plaintiff's Complaint purports to bring several causes of action but the thrust of her Complaint is a legal malpractice claim against Defendants based on her allegations that, but for their failure to withdraw as counsel after terminating their representation of her, she would have succeeded in obtaining a trial de novo. (*See* Compl. at 5, ¶ 11). This claim is based on the Complaint's allegations that Defendants failed to "file in the NJ Superior Court a motion to legally withdraw from counsel," that this is what "other competent lawyers would do . . . to protect their

2

clients," and that Defendants' failure to withdraw is "the proximate cause of . . . [the] court['s] rejection of Plaintiff's . . . Trial De Novo . . . demand[.]." (*Id.* at 8–9, ¶ 31).

Defendants filed the instant motion to dismiss on January 18, 2023, arguing that they did not breach the standard of care, nor did their conduct proximately cause the denial of Plaintiff's request for a trial de novo. (ECF No. 17 ("Mot.")). Defendants state that they "timely notified Plaintiff . . . that they would not appeal the [arbitration] decision, but that Plaintiff could find new counsel to do so." (Mot. at 1). Defendants note that the letter described in the Complaint, which Defendants describe as a "No Appeal Letter," was sent two days after the arbitration decision was issued, and several weeks before the deadline to seek a trial de novo. (Mot. at 2). Although the letter was not attached to the Complaint, Plaintiff attached a copy of the letter to her brief in opposition to the motion to dismiss.[1] The letter, dated March 28, 2019, states:

> Dear Sir or Madam,
>
> Enclosed is a copy of the Award of Arbitrators from your recent hearing. As you can see, the panel entered an award in the amount of $0.00, which we will not be appealing. Understanding that should no appeal be filed within thirty (30) days of the date of the award, said award will be entered by the Court as a final judgment, and your lawsuit will be over.
>
> Please be advised that you have the right to speak to another attorney regarding your rights in this matter including, but not limited to appealing the arbitration award within thirty (30) days of the date of the award.

---

[1] "When deciding a motion to dismiss, a court typically does not consider matters outside the pleadings. However, a court may consider documents that are 'integral to or explicitly relied upon in the complaint' or any 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 372 (D.N.J. 2019) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)). "Reliance on these types of documents does not convert a motion to dismiss into a motion for summary judgment," since a "plaintiff obviously is on notice of the contents [of] the document, and the need for a chance to refute evidence is greatly diminished." *Id.* (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196–97 (3d Cir. 1993)). Because the March 28, 2019, letter is "integral to" the claims in the Complaint and because Plaintiff attached the letter to her own brief, Plaintiff "obviously is on notice of the contents [of] the document." *Id.* Therefore, we are able to consider the contents of the letter without converting Defendants' Motion to Dismiss to a motion for summary judgment.

> Should you have any questions or concerns, please do not hesitate to contact me.

(ECF No. 20 ("Pl. Br.") at 9). Thus, the letter informed Plaintiff in plain language that (1) Defendants did not intend to appeal the arbitration award, (2) if no appeal was filed within thirty days of the award, the lawsuit would be over, and (3) Plaintiff had the right to speak to another attorney about appealing the award, if she desires to do so. The letter did not, however, state that Defendants had "terminated" their representation of Plaintiff, contrary to the allegations in the Complaint.

After receiving the letter, Plaintiff "failed to notify Defendants of her intention to pursue an appeal, and she failed to hire new counsel." (Mot. at 2–3). Plaintiff does not dispute in her responding brief that she never informed Defendants that she intended to appeal the arbitration decision, and the Complaint does not allege otherwise. Nor does Plaintiff allege that Defendants were otherwise aware of her desire to appeal the arbitration award. Instead, Plaintiff responds that "there is no requirement . . . in Defendant[s'] March 28, 2019 contract termination letter . . . to inform them that she intended to file an arbitration appeal[.]" (Pl. Br. at 12).

## II. LEGAL STANDARD

When deciding a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the face of the complaint. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). The Court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). A complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). "The inquiry is not whether [a plaintiff] will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 680). Next, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id*.

### III.   DISCUSSION

#### A.  Motion to Strike

In response to Defendants' motion to dismiss, Plaintiff filed a brief in opposition on February 10, 2023. (ECF No. 20). Defendants filed a letter on April 5, 2023, advising the Court that Defendants would not be submitting a reply to Plaintiff's brief and would rely upon its principal Memorandum of Law filed with the motion to dismiss. (ECF No. 22). Plaintiff then filed a "reply brief" on April 17, 2023, in response to Defendants' letter, in which Plaintiff further briefed her position on the motion to dismiss. (ECF No. 23). Defendants moved to strike Plaintiff's April 17, 2023 reply brief as "an improper sur-reply that simply repeats the arguments

made in Plaintiffs' original opposition." (ECF No. 24 at ¶ 9). Under Local Rule 7.1(d)(6), "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned." Because Plaintiff did not seek the permission of this Court before filing her April 17, 2023 brief, we agree with Defendants that it is an improper sur-reply. Defendants' motion to strike is granted and we will decide the motion to dismiss without considering Plaintiff's sur-reply.

### B. Motion to Dismiss

To state a claim for legal malpractice under New Jersey law, a plaintiff must plead facts to show "(1) the existence of an attorney-client relationship creating a duty of care upon the attorney; (2) the breach of that duty; and (3) proximate causation." *Conklin v. Hannoch Weisman*, 145 N.J. 395, 416 (1996). Defendants dispute the second and third elements. First, Defendants argue they did not breach their duty to Plaintiff by failing to withdraw as counsel or by failing to appeal the arbitration award. Second, Defendants argue that, even if they had breached a duty, their conduct did not proximately cause the rejection of Plaintiff's motion for trial de novo because Plaintiff untimely filed the motion. Because we agree with Defendants that Plaintiff cannot allege plausible facts to satisfy the second element, we do not decide whether the Complaint alleges facts sufficient to satisfy the third.

Defendants argue they did not breach the standard of care because "it was Plaintiff who failed to file a timely appeal and/or notify Simon & Simon that she wanted to pursue an appeal." (Mot. at 6). Plaintiff alleges, throughout the Complaint, that Defendants sent her a letter informing her that Defendants no longer represented her as counsel but failed to formally withdraw as counsel of record, causing Plaintiff's motion for a trial de novo to be rejected. The Complaint's various causes of action – all of which sound in legal malpractice – depend on Defendants' alleged failure to withdraw as Plaintiff's counsel. However, based on the letter now available to the Court, it is

clear that Defendants never told Plaintiff that they no longer represented her. The letter Defendants sent to Plaintiff on March 28, 2019, simply informed Plaintiff that she had a right to appeal the arbitration award but that Defendants did not intend to do so. Because Defendants had not terminated their representation of Plaintiff, they did not owe her a duty to withdraw as her counsel of record. Nor did Defendants owe a duty to appeal the arbitration award, because Plaintiff never communicated to Defendants that she wished to do so. Absent direction from their client, Defendants did not owe and, therefore, could not have breached a duty to appeal the arbitration award or to withdraw as Plaintiff's counsel of record. Because Plaintiff cannot plausibly allege that Defendants breached a duty owed to Plaintiff, the Complaint must be dismissed.

## IV.    CONCLUSION

For the reasons expressed above, the Court grants Defendants' motion to dismiss and motion to strike. An Order follows.


Dated: 8/3/2023                                                                s/ Robert B. Kugler
                                                                               ROBERT B. KUGLER
                                                                               United States District Judge